UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PI INNOVO, LLC,

      Plaintiff,                      CIVIL ACTION NO. 14-cv-14818

      v.                             DISTRICT JUDGE MATTHEW F. LEITMAN

ADVANCED GREEN              MAGISTRATE JUDGE MONA K. MAJZOUB
INNOVATIONS, LLC,

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [22]**

This matter comes before the Court on Defendant Advanced Green Innovations, LLC's Motion to Compel Production of Relevant Documents Identified in Screenshots Produced by Plaintiff. (Docket no. 22.) Plaintiff Pi Innovo, LLC responded to Defendant's Motion (docket no. 30), and Defendant replied to Plaintiff's Response (docket no. 31). The Motion has been referred to the undersigned for consideration. (Docket no. 27.) The undersigned has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    BACKGROUND**

Plaintiff initiated this breach of contract action on December 19, 2014. (Docket no. 1.) In its Complaint, Plaintiff describes itself as a designer and developer of "innovative electronics systems for the automotive, transportation, defense, industrial, and aviation industries," and it describes Defendant as a company that "develops and commercializes 'green' technologies." (*Id*. ¶¶ 2-3.) Plaintiff alleges that Defendant materially breached the parties' May 29, 2013

Master Component Development Agreement by failing to pay $161,869 of the invoices transmitted by Plaintiff to Defendant. (*Id*. ¶¶ 4, 9, 10.) Plaintiff further alleges that before it realized that Defendant would never pay the invoices, Plaintiff continued to perform its obligations under the Agreement for a period of time by purchasing certain components and continuing the development of proprietary and customized products. (*Id*. ¶ 19.) As relief, Plaintiff seeks, among other things, payment of the outstanding invoices as well as damages equal to the components purchased and the services rendered under the Agreement through the date of termination. (*Id*. at 5.)

Defendant did not answer or otherwise respond to Plaintiff's Complaint, and on January 23, 2015, Plaintiff requested a Clerk's Entry of Default against Defendant for failure to plead or otherwise defend; the default was entered on January 26, 2015. (Docket nos. 10 and 11.) Plaintiff subsequently filed a Motion for Entry of Default Judgment on March 11, 2015. (Docket no. 12.) Counsel appeared on behalf of Defendant on July 1, 2015, and on July 2, 2015, District Judge Leitman held a status conference with the parties; afterward, he ordered that Defendant may serve Plaintiff with a set of document requests related solely to the damages sought by Plaintiff. (Docket nos. 19 and 20.) Defendant served Plaintiff with discovery requests, to which Plaintiff responded, and on August 13, 2015, Defendant filed the instant Motion to Compel Production of Relevant Documents Identified in Screenshots Produced by Plaintiff. (Docket no. 22.)

## II.   GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is

proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

**III. ANALYSIS**

At issue are Plaintiff's objections and responses to Defendant's Requests for Production (RFP) nos. 8 and 14, which are reproduced in their entirety below:

> 8. Identify and produce all documents identifying, describing, or constituting the work product provided by Pi Innovo UK identified in paragraph 6 of Walter Lucking's March 10, 2015, Declaration.

3

**RESPONSE:**

Pi Innovo objects to this request because it seeks irrelevant information and documents and because AGI is not entitled to receive work product from Pi Innovo for which it has not paid. Pi Innovo also objects to this request as over broad and unduly burdensome because, among other reasons, the request is unlimited in scope and time duration and there are thousands of documents encompassed within over 200 different files regarding the un-invoiced work product provided by Pi Innovo UK between June 23, 2014 and September 21, 2014 totaling $68,142.35 as referenced in paragraph 6 of Walter Lucking's March 10, 2015 Declaration.

Subject to and without waiving its objections, Pi Innovo is producing a screenshot of the different files, as well as 5 representative files/documents that evidence some of the work product referenced in paragraph 6 of Walter Lucking's March 10, 2015 Declaration. These documents are attached to these responses behind Exhibit Tab #8.

14. Identify and produce all documents identifying, describing, or constituting the work product provided by Black Deep Engineering identified in paragraph 6 of Walter Lucking's March 10, 2015, Declaration.

**RESPONSE:**

Pi Innovo objects to this request because it seeks irrelevant information and documents and because AGI is not entitled to receive work product from Pi Innovo for which it has not paid. Pi Innovo also objects to this request as over broad and unduly burdensome because, among other reasons, the request is unlimited in scope and time duration and there are a substantial number of documents that constitute the un-invoiced work product provided by Black Deep Engineering between June 23, 2014 and September 21, 2014 as referenced in paragraph 6 of Walter Lucking's March 10, 2015 Declaration.

Subject to and without waiving its objections, Pi Innovo is producing a list of the various drawings prepared by Black Deep Engineering in response to this request, located behind Exhibit Tab #14 to these responses.

(Docket no. 22 at 4-5; docket no. 22-2 at 7-8, 9-10.)

The March 10, 2015 Declaration of Walter Lucking, Plaintiff's CEO, referred to by the parties in the discovery requests above, is the document on which Plaintiff relies in support of its Motion for Entry of Default Judgment. (Docket nos. 12, 12-1.) Paragraph 6 of the Declaration, which is the subject of Defendant's RFP nos. 8 and 14, states:

> 6. **Reimbursement for purchased components, expenses, and labor costs:** In order to perform under the Agreement, Pi Innovo was required to purchase components for use solely in connection with the Agreement and pay for certain expenses ($23,326.77) and procure engineering services ($98,229.23). As to the engineering services, Pi Innovo procured services at a cost of $30,086.98 from Black Deep Engineering and from Pi Innovo UK (a related business entity that provided engineering services to Plaintiff Pi Innovo for the AGI project at a steeply discounted rate) and also dedicated professional engineering services of Pi Innovo personnel at a cost of $68,142.25. The expenses for component procurement, contractor expense reimbursement, and professional services total **$121,556** and are not included in the invoices referenced in ¶5, above.
>
> Pi Innovo sought to mitigate its damages by determining whether any components could be used for other customers or whether they can be sold to a company dealing in those components in the ordinary course of business. Pi Innovo has not been able to locate such an entity. Copies of vendor invoices/quotations, and a summary of reimbursed expenses substantiating these damages created from Pi Innovo business records, are attached as **Exhibit 2**. Because the AGI Agreement was a fixed fee contract and was not on a time and materials basis, Pi Innovo did not generate time records on an hour-by-hour basis. The calculation of $68,142.25 for the Pi Innovo engineering services was based upon accounting records for professional engineering services allocated to the AGI contract and not otherwise captured in the invoices paid by AGI or the unpaid invoices referenced in ¶5 above.

(Docket no. 12-1 ¶ 6.) The work product related to the engineering services Plaintiff procured from Black Deep Engineering and Pi Innovo UK at a cost of $30,086.98 is the subject of the instant motion. In response to Defendant's RFP nos. 8 and 14, Plaintiff produced two screen shots that depict a list of the files and/or documents generated by Black Deep Engineering and Pi Innovo UK through their engineering services, along with five documents purportedly representative of said work product. (Docket nos. 22-3 and 22-4.) Defendant argues that the screen shots and the representative documents are insufficient and seeks a court order compelling Plaintiff to produce electronic, native copies of the documents it identified in those screen shots. (Docket no. 22.)

Specifically, Defendant expresses concern that Plaintiff may be trying to collect damages from Defendant for work product for which Defendant has already paid, and it asserts that

without all of the documents that constitute said work product, it cannot verify whether Plaintiff's damages claim for $30,086.98 is justified. (*Id*. at 5, 6-7.) Defendant expounds that if Plaintiff believes that the documents at issue support its claim for damages, then those documents are relevant, and Defendant is entitled to review those documents to determine whether the amount of damages, namely the time and/or materials for which Defendant is to be charged, is reasonable and properly attributed to Defendant. (*Id*. at 6, 8-10.) Defendant further argues that Plaintiff's objections to the production of the documents on the basis of burden and breadth are unreasonable because it should be relatively easy and quick to place those files on an electronic medium for production. (*Id*. at 5, 6.)

Although Plaintiff did not object to Defendant's RFPs on this basis, Plaintiff argues in its Response to Defendant's Motion that Defendant's RFPs seek documents that exceed the scope of the Court's July 2, 2015 order, which limited Defendant's document requests to inquiries solely related to the issue of damages. (Docket no. 30 at 4 (citing docket no. 20).) Plaintiff asserts that by requesting the work product of the third parties that provided engineering services, Defendant is not seeking the basis of Mr. Lucking's testimony regarding the computation of damages, but it is impermissibly contesting its liability for its breach of contract. (*Id*. at 5, 8, 9, 14.) Plaintiff further asserts that Defendant is limited to challenging Plaintiff's substantiation and calculation of the amounts paid to the third-party companies and that Mr. Lucking's declaration, the time sheets he submitted with his declaration, and the screen shots and sample documents Plaintiff submitted in response to Defendant's RFPs "are more than sufficient to prove that Black Deep and Pi Innovo UK performed work for Pi Innovo regarding the AGI project." (*Id*. at 5, 8, 11, 16.) Plaintiff claims that any additional work product is irrelevant to confirming the amounts Plaintiff paid for the third-party engineering services and that Defendant's request for that work

6

product constitutes harassment. (*Id*. at 6, 14.) Plaintiff also argues that Defendant has no basis to assert that it will take Plaintiff only minutes to locate, review, and produce thousands of records. (*Id*. at 10.) Plaintiff concludes that "AGI is not entitled to receive the remaining files to 'verify' whether Pi Innovo is entitled to recover from AGI the amounts Pi Innovo paid to Black Deep and Pi Innovo UK for the AGI project because AGI's breach of contract is not in dispute." (*Id*. at 17.)

In reply, Defendant acknowledges that it has conceded liability and contends that it is only requesting the documents at issue to "confirm whether a portion of the damages claimed by Pi are attributable to the liability conceded by AGI, or whether they are attributable to a different invoice which AGI has already paid." (Docket no. 31 at 2.) Defendant further argues that it is entitled to challenge the accuracy of the amounts set forth in Plaintiff's affidavit. (*Id*. at 3 (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)).) In *Antoine*, a case relied upon by both parties, the Sixth Circuit stated, in relevant part:

> If the District Court determines that Atlas should be bound by the default judgment, this does not resolve issues relating to damages. In support of their motion for entry of default judgment, plaintiffs' counsel submitted affidavits setting out the amount of damages claimed by each plaintiff. At this stage of the litigation, however, these affidavits are not conclusive. "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); *Kelley v. Carr,* 567 F.Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages."). Ordinarily, the District Court must hold "an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993). Therefore, even if Atlas is bound on the issue of liability, it still has the opportunity to respond to the issue of damages.

*Antoine*, 66 F.3d at 110-11.

Plaintiff recognizes that, under *Antoine,* Defendant has the opportunity to respond to the issue of damages despite the entry of default (*see* docket no. 30 at 14-15), but it claims that Defendant is not doing so here. Plaintiff asserts that by seeking the work product generated by Black Deep Engineering and Pi Innovo UK, Defendant is contesting its liability for their services and, essentially, for its breach of contract. The Court disagrees. Defendant has acknowledged its liability for breach of contract, and it has repeatedly iterated that it is seeking the third parties' work product to confirm the accuracy and reasonableness of the damages claimed by Plaintiff for the services provided by the third parties, and to ensure that it is not being billed for work product for which it has already paid. (Docket no. 22 at 5, 6-7, 8-10; docket no. 31 at 2-4.) Defendant's argument is properly characterized as a challenge to the amount of damages for which it is liable, and such a challenge is permissible under *Antoine*.

Plaintiff asserts that Defendant is limited to challenging Plaintiff's "substantiation and calculation of the amounts paid to Black Deep and Pi Innovo UK" and that the documentation already submitted by Plaintiff is "more than sufficient to prove that Black Deep and Pi Innovo UK performed work for Pi Innovo regarding the AGI project." (Docket no. 30 at 5, 8, 11, 16.) "Evidence to support damages may include [a] sworn declaration or affidavit and any supporting documentation necessary for the court to ascertain damages with reasonable certainty." *Gen. Ret. Sys. of City of Detroit v. Onyx Capital Advisors, LLC*, No. 10-CV-11941, 2012 WL 1018949, at *2 (E.D. Mich. Mar. 26, 2012) (citing *Vesligaj v. Peterson,* 331 F. App'x 351, 356 (6th Cir. May 11, 2009) (unpublished)). Here, Plaintiff's CEO, Mr. Lucking, declared that Plaintiff procured engineering services from Black Deep Engineering and Pi Innovo UK for the AGI project at a cost of $30,086.98. (Docket no. 12-1 at 3-4.) As support for this declaration, Mr. Lucking submitted Black Deep Engineering's monthly invoices and time sheets that provide

a brief, general description of the work performed. (*Id*. at 17-23.) Mr. Lucking also submitted what are purportedly Pi Innovo UK's hourly records, which list the hours worked by employee name and project name. (*Id*. at 52-54.) Then, in response to Defendant's RFP nos. 8 and 14, Plaintiff produced two screen shots of document lists and five sample documents, which purportedly depict the work product generated by Black Deep Engineering and Pi Innovo UK in relation to the engineering services for which Plaintiff is seeking $30,086.98 in damages. (Docket nos. 22-3 and 22-4.) The Court finds that this work product is relevant to the amount of damages Plaintiff seeks from Defendant for Black Deep Engineering and Pi Innovo UK's services, and Defendant is entitled to examine this documentation as part of its challenge to the issue of damages. Furthermore, this documentation will provide substantive support for the basic and cursory evidence that Plaintiff has already submitted, which will assist the Court in determining Plaintiff's damages with reasonable certainty. Thus, absent a formidable adverse argument, the Court will order production of electronic, native copies of the files and/or documents identified in the screen shots produced by Plaintiff in response to Defendant's RFP nos. 8 and 14.

With regard to Plaintiff's objection that it would be unduly burdensome to produce this work product, the Court is not convinced. Plaintiff argues that Defendant has no basis to assert that it will take Plaintiff "'minutes' to locate, review and produce thousands of records," but Plaintiff has provided no basis for its argument to the contrary. A review of the screen shots Plaintiff produced in response to Defendant's RFP nos. 8 and 14 reveals that there are approximately 200 files and/or documents responsive to RFP no. 8 and thirty-two files and/or documents responsive to RFP no. 14. (*See* docket nos. 22-3 and 22-4.) Plaintiff's ability to take a screen shot of these files and/or documents shows that they are either stored in or are

9

electronically accessible from one centralized location, which further demonstrates an ease of accessibility. Furthermore, the majority of these files are documents created in the JPEG, Microsoft Excel, and PDF file formats, which, as Defendant points out, are easily transferrable to an electronic medium for production. Plaintiff's argument fails in this regard.

Lastly, the Court acknowledges Plaintiff's objection that "AGI is not entitled to receive work product from Pi Innovo for which it has not paid." (*See* docket no. 22-2 at 7, 9.) Plaintiff however, does not mention, let alone develop, this objection in its Response to Defendant's Motion to Compel. Moreover, Plaintiff offers no argument or evidence that the work product sought by Defendant is privileged, confidential, or sensitive in nature so as to prevent or limit its production. Accordingly, for the reasons stated above, the Court will grant Defendant's Motion to Compel Production of Relevant Documents Identified in Screenshots Produced by Plaintiff and will order production of those documents within fourteen days of this Order. The Court, in its discretion, declines to award fees and costs in this matter.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production of Relevant Documents Identified in Screenshots Produced by Plaintiff [22] is **GRANTED**. Plaintiff will produce electronic, native copies of the files and/or documents identified in the screen shots at docket nos. 22-3 and 22-4 within fourteen (14) days of this Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 15, 2016         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: January 15, 2016         s/ Lisa C. Bartlett
                                Case Manager